UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-CR-20466-SCOLA/LETT**

CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 1036(a)
18 U.S.C. § 981(a)(1)(C)

FILED BY ____mp____ D.C.

Oct 23, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - miami

UNITED STATES OF AMERICA

v.

TIRON ALEXANDER,

    Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Defendant and Relevant Parties

1.    Defendant **TIRON ALEXANDER** was a resident of the United States.

2.    Fort Lauderdale-Hollywood International Airport was located in the Southern District of Florida.

3.    Airline 1 was headquartered in Miramar, Florida, and was a major United States international passenger airline that flew to more than 60 destinations, including Fort Lauderdale-Hollywood International Airport.

4.    Airline 2 was headquartered in Dallas, Texas.

5.    The computer servers associated with Airline 1's reservation system for airline employees were located in Miami, Florida.

6. From on or about November 30, 2015, and continuing through the present, **TIRON ALEXANDER** worked for Airline 2. **ALEXANDER** was never a pilot or flight attendant.

### Airline Employee Travel Benefits and Reservations

7. Airline pilots and flight attendants were entitled to certain travel privileges based on their position, seniority, and tenure. These privileges included the ability to obtain no-cost flight reservations on their employer airline and other airlines with which their employer airline maintained reciprocal interline travel agreements.

8. These tickets, if obtained by a pilot or flight attendant, were commonly referred to as non-revenue travel.

9. Each time a flight reservation was made, a six-digit alphanumeric code known as a Passenger Name Record ("PNR") was generated, along with reservation information contained in the airline's electronic reservation system that set forth the identity and travel plans of the passenger.

### COUNTS 1-4
### Wire Fraud
### (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. Beginning on a date unknown to the Grand Jury, but no later than on or about August 14, 2018, and continuing through at least on or about September 14, 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**TIRON ALEXANDER,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and

2

promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things, falsely and fraudulently representing to airlines that he was a pilot or flight attendant in order to obtain airline tickets free of charge, to which the defendant was not entitled, for his personal use, and to further the scheme and artifice.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which **TIRON ALEXANDER** sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4. **TIRON ALEXANDER** accessed and caused to be accessed airlines' travel portals where pilots and flight attendants could reserve non-revenue travel.

5. **ALEXANDER** made and caused to be made false and fraudulent representations to the airlines, including that **ALEXANDER** was a pilot or flight attendant, in order to obtain travel benefits, including free airline flights, reserved for pilots and flight attendants.

6. As a result of the false and fraudulent representations, **ALEXANDER** caused the airlines to issue free airline tickets that were otherwise designated for pilots and flight attendants.

7. **ALEXANDER** then took flights using the free airline tickets designated for pilots and flight attendants.

## USE OF THE WIRES

8. On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, **TIRON ALEXANDER**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds:

| **COUNT** | **APPROXIMATE DATE** | **DESCRIPTION OF WIRE** |
|---|---|---|
| 1 | August 25, 2020 | A reservation request in connection with flight reservation number OI8VVA, causing wire transmission from outside the State of Florida to a computer within the Southern District of Florida. |
| 2 | May 5, 2021 | A reservation request in connection with flight reservation number WGBG2G, causing wire transmission from outside the State of Florida to a computer within the Southern District of Florida. |
| 3 | June 7, 2022 | A reservation request in connection with flight reservation number MJDVGQ, causing wire transmission from outside the State of Florida to a computer within the Southern District of Florida. |
| 4 | September 14, 2024 | A reservation request in connection with flight reservation number SHFSTF, causing wire transmission from outside the State of Florida to a computer within the Southern District of Florida. |

In violation of Title 18, United States Code, Section 1343.

## COUNT 5
### Entry by False Pretenses to Any Secure Area of Any Airport
### (18 U.S.C. § 1036)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about July 22, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**TIRON ALEXANDER**,

by any fraud and false pretense, entered and attempted to enter any secure area of any airport, that is, Fort Lauderdale-Hollywood International Airport, in violation of Title 18, United States Code, Section 1036(a).

It is further alleged that this offense was committed with the intent to commit a felony.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **TIRON ALEXANDER,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MICHAEL C. SHEPHERD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

TIRON ALEXANDER,

_____/
Defendant.

CASE NO.: **24-CR-20466-SCOLA/LETT**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami  ☐ Key West  ☐ FTP
☐ FTL  ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I  ☒ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
MICHAEL C. SHEPHERD
Assistant United States Attorney
FL Bar No.    1018186

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Tiron Alexander

**Case No:** _____

Counts #: 1-4

Wire fraud

13 U.S.C. § 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice the gross gain, whichever is greater**

Count #: 5

Entry by false pretenses to any secure area of any airport

18 U.S.C. § 1036
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**